[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT
The plaintiff Daniel Auriemme instituted the present action seeking monetary damages for personal injuries received when a vehicle operated by the defendant Carol Matthews and owned by the defendant Andrew L. Matthews crossed over the center line of the roadway striking the plaintiff's motorcycle thereby resulting in an amputation of his foot. The plaintiff Lois Auriemme instituted suit for damages arising out of loss of consortium. The jury returned a verdict in favor of the defendants and the plaintiffs have moved to set aside that verdict.
The central issue in the trial was whether the defendant's car crossed over the center line of the highway striking the plaintiff's motorcycle or whether the plaintiff's motorcycle crossed over the center line of the highway striking the defendant's car. The defendant and other eyewitnesses testified that the defendant operator was on her own side of the highway when the plaintiff's motorcycle crossed over the center line striking the car. The jury decided that factual question in favor of the defendants and accordingly the court cannot consider the verdict as against the weight of the evidence.
While each side presented numerous witnesses on the issue of liability the court cannot accept, as claimed by the plaintiff, that the jury decided the issue too quickly. The courts notes indicate that the jury began their deliberations at 4:45 p.m. and returned their verdict at 5:25 p.m. The jury could well have decided that they believed the defendant and the two disinterested eyewitnesses as to the point of impact which would, in itself, result in a verdict in favor of the defendants.
The plaintiffs also seek to have the verdict set aside on the grounds that counsel for the defendants referred to the conduct of the plaintiff as a "fraud" in making a claim for worker's compensation disability as a result of a prior knee injury. The plaintiff had received a prior knee injury and a medical report was submitted indicating that he had seen the doctor, after orthrascopic surgery, and had persistent complaints of soreness with respect to the knee which was aggravated by kneeling or CT Page 17195 squatting. As a result of that incident the plaintiff submitted a claim for worker's compensation for an 8% disability of the knee. During the course of the trial the plaintiff testified that he had no disability with respect to the knee that he could kneel and squat and the knee did not bother him in performing his work as a mover. The evidence before the jury indicated that the plaintiff was awarded an 8% disability of the knee primarily based upon complaints of persistent soreness which was aggravated by kneeling and squatting. However, the plaintiff's testimony at the trial is susceptible to the interpretation that those conditions did not exist. While the reference to "fraud" may be strong in view of the evidence presented at the trial, it does not warrant setting the verdict aside. The plaintiff's testimony with respect to the defendants vehicle coming across the center line of the highway was not based solely upon the plaintiff's evidence. The plaintiffs also produced other motorcycle riders and an action reconstructionist in an attempt to demonstrate that the accident took place on the plaintiff's side of the highway. The defendant's evidence was contrary to that assertion.
Accordingly, the motion to set aside the verdict is denied.
RUSH, J.